**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHRISTOPHER W. PARRISH,**

                    **Petitioner,**

      **v.**                                                     **CASE NO. 20-3268-SAC**

**SEDGWICK COUNTY ADULT DETENTION FACILITY,**

                    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee, proceeds pro se. He challenges a ruling made by the state district court in his pending criminal case.[1] He seeks the dismissal of the charges; in the alternative, he seeks release pending additional state court proceedings.

**Analysis**

Habeas corpus relief is proper under § 2241 where the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3) (courts must determine whether the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"); *see also Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section ... 2241 is a vehicle for challenging pretrial detention.").

Generally, a pretrial petition cannot be used to "dismiss an indictment or otherwise prevent a prosecution." *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). In this posture, "federal habeas

---

[1] Sedgwick County District Court, Case No. 2018-cr-001297.

corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973).

Next, "[a] habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The federal habeas court may excuse the failure to exhaust "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). It appears petitioner presented his arguments to the state district court, but it does not appear he has sought relief from the state appellate courts. Finally, even if petitioner has properly exhausted available state court remedies, a federal court normally is prohibited from interfering in an ongoing state criminal action. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Under *Younger*, abstention from such interference is appropriate where "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). These conditions are satisfied here, as the state criminal case against petitioner is pending, the State of Kansas has an interest in the prosecution of crimes charging the violation of its laws, and the state courts provide petitioner the opportunity to present his challenges, including federal constitutional claims.

Having considered the petition, the Court concludes this

pretrial application should be denied. First, petitioner does not present the requisite special circumstances showing that his pretrial detention is unconstitutional. Next, it does not appear that petitioner has presented his claims in the state appellate courts. Finally, it appears that the criteria governing *Younger* abstention are met in this case.

## Certificate of Appealability

Where a federal court enters a ruling in a habeas action that is adverse to a state prisoner, the court must consider whether the petitioner is entitled to a certificate of appealability. *See Dulworth v. Jones*, 496 F.3d 1133, 1135 (10th Cir. 2007)("[A] state prisoner seeking to appeal the denial of habeas relief in a § 2241 proceeding must obtain a COA to appeal."). A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

The Court concludes petitioner has not made the substantial showing that is required under § 2253 and declines to issue a certificate of appealability.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed.

IT IS FURTHER ORDERED no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 2d day of November, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judg